**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| MUMINJON SHONIEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00066-TWP-KMB |
| | ) | |
| SAM OLSEN Chicago Field Office Director, | ) | |
| Immigration and Customs Enforcement and | ) | |
| Removal Operations, | ) | |
| TODD M. LYONS Acting Director of Immigration | ) | |
| Customs Enforcement, | ) | |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
| KRISTI NOEM Secretary of the Department of | ) | |
| Homeland Security, | ) | |
| SCOTT A. MAPLES, JR., | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| PAMELA BONDI Attorney General of the United | ) | |
| States, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by petitioner Muminjon Shoniev ("Shoniev"), a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on December 25, 2025. (Dkt. 1). Since his arrest, Shoniev has, and is detained at the Clark County Jail in Jeffersonville, Indiana. Shoniev now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 13. For the reasons explained below, the Court grants the petition to the extent that no later than **March 24, 2026**, Respondents must either: (1) afford Shoniev an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. §

1

1226(a) and its regulations; or (2) release Shoniev from custody, under reasonable conditions of supervision.

## I.    BACKGROUND

Shoniev is a citizen of Uzbekistan. Dkt. 1 ¶ 34. On July 19, 2023, he entered the United States without inspection near San Ysidro, California. *Id.* ¶ 36. The Department of Homeland Security ("DHS") issued a Notice to Appear the same day. Dkt. 1-2. Shoniev filed for asylum in November 2023. Dkts. 1-5, 1-6.

On December 25, 2025, ICE detained Shoniev during a document check-in at a truck stop in Buffalo, New York, without notice or opportunity to be heard, despite his full compliance and absence of any criminal or behavioral concerns. Dkt. 1 ¶ 43. DHS issued an I-200 Warrant for Arrest of Alien and served it on Shoniev that same day. Dkt. 7. He is detained at the Clark County Jail in Jeffersonville, Indiana. Dkt. ¶ 44. The Notice to Appear charges Shoniev with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 1-2 at 1. The "arriving alien" checkbox is unmarked. *Id.*

## II.    DISCUSSION

Shoniev claims that his current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the Immigration and Nationality Act ("INA") (Counts II and III). Dkt. 1 ¶¶ 56–88. He argues this Court should issue a writ of habeas corpus and determine that Petitioner is entitled to immediate release under reasonable conditions and pending further order of the Court, or in the alternative, order his release unless he receives a bond hearing before a neutral arbiter.

Respondents argue that Shoniev is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 6.

The Court finds that Shoniev's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Shoniev is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.[1]

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

---

[1] Specifically, Mr. Shoniev argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Petitioner and held that DHS's widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Petitioner is entitled to habeas relief, it need not resolve whether he is entitled to relief under *Maldonado Bautista*.

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien

4

present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Shoniev Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Shoniev is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Shoniev who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *3–5 (S.D. Ind. Dec. 10, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14–19.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 10; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore

continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[2] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Shoniev is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Shoniev is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Shoniev requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 13. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

Shoniev's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **March 24, 2026**, Respondents must either: (1) provide Shoniev with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Shoniev from custody, under reasonable conditions of supervision. No later than **March 27, 2026**, Respondents must file documentation certifying that they have provided Shoniev with a bond hearing or released him from detention.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 3/17/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Viktoriia Chernova
lexveritasllc@gmail.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov